UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

JODIE GORDAN, )
)
    Plaintiff, )
)
v. ) Case No. 4:11-cv-41
) JURY DEMAND
)
GRACE HEALTHCARE, LLC, )
d/b/a/ RAINTREE MANOR, )
)
    Defendant. )

## COMPLAINT

Plaintiff, JODIE GORDON, for cause of action would respectfully show to the Court as follows:

### JURISDICTION

1. Plaintiff is a citizen and resident of Warren County, Tennessee.

2. Defendant, GRACE HEALTHCARE, LLC, is a Delaware corporation authorized to do business in the state of Tennessee with its principal place of business at 7201 Shallowford Road, Chattanooga, Tennessee. Its registered agent for service of process is National Registered Agents, Inc., 2300 Hillsboro Road, Suite 305, Nashville, Tennessee, 37212.

3. Defendant is a privately owned long-term healthcare organization that owns and manages skilled nursing, assisted living, and rehabilitation facilities across the United States. It operates a facility under the name Raintree Manor at 415 Pace Street in McMinnville, Tennessee.

4. At all times relevant hereto, Defendant was engaged in an industry affecting commerce and had 15 or more employees for each working day in each of 20 or more calendar weeks in the then current or preceding calendar year.

5. Jurisdiction in this action is founded upon 42 USC §2000-e3. Venue is appropriate in the Eastern District Court for Tennessee pursuant to 42 USC §2000-e5 because the actions out of which this lawsuit arises took place in McMinnville, Tennessee; the employment records relevant to the unlawful employment practices at issue are maintained and administered in McMinnville, Tennessee; Plaintiff would have been employed in McMinnville, Tennessee if not for the unlawful employment practice complained of herein; and the Defendant has its principal offices in Chattanooga, Tennessee. Judicial economy would be served by trying all the issues arising herein in one case.

6. All preconditions to jurisdiction have been satisfied in this case. Plaintiff timely filed a charge with the Equal Employment Opportunity Commission (EEOC) alleging employment discrimination on the basis of retaliatory discharge.

7. The EEOC issued a "right to sue" letter to Plaintiff on May 10, 2011.

8. Plaintiff filed this complaint within 90 days of receiving the "right to sue" letter from the EEOC.

## FACTUAL ALLEGATIONS

9. Plaintiff was an employee of Grace Healthcare, LLC, at its Raintree Manor location, working as the Director of Human Resources from January 26, 2010, until her wrongful termination on August 20, 2010.

10. During the time that she was employed as the Director of Human Resources, Raintree Manor had a number of different Administrators. At one point, Mr. Pete Prins became the Administrator at Raintree Manor. During his tenure, Mr. Prins decided to fire certain employees. He told Plaintiff that there were employees at Raintree Manor that he believed were "too old" to work. In particular, he instructed Plaintiff to find reasons to fire two older employees (over 40 years old) who had been with the company for over 25 years and he went so far as to tell Plaintiff to make up reasons to fire them if she could not find any legitimate reasons for their termination. He did the same thing for employees who had filed workers' compensation claims. He told Plaintiff to find reasons to terminate employees who had filed for workers' compensation benefits. He also did this based on employee's sexual orientation telling Plaintiff that he was going to terminate one male employee because he was gay.

11. Plaintiff believed that Mr. Prins actions were wrong and were in violation of the civil rights of the employees he told her to terminate due to their age, sexual orientation, or because they had filed workers' compensation claims. She refused to participate in his unlawful employment practices and instead reported Mr. Prins to her supervisor. Plaintiff was advised to contact Defendant's corporate human resources department in Chattanooga. She did that. While she was on the telephone reporting Mr. Prins actions to the corporate human resources department, Mr. Prins walked into Plaintiff's office and overheard her conversation.

12. Three days after Mr. Prins overheard Plaintiff reporting his unlawful employment

practices to the corporate human resources department, he terminated Plaintiff's employment. Despite the fact that she had reported Mr. Prins unlawful employment practices to them, the corporate human resources department did nothing to prevent her retaliatory discharge.

## CAUSES OF ACTION

### 42 USC §2000-e3

13. Plaintiff was terminated for opposing the unlawful and discriminatory actions of the Administrator of Raintree Manor, Pete Prins. Mr. Prins instructed Plaintiff to terminate the employment of long time Raintree Manor employees, who were over 40 years of age, for no other reason than that they were "too old." This would have been a violation of those employees rights pursuant to the Age Discrimination in Employment Act, 29 USC §623(a)(1). Mr. Prins also instructed Plaintiff to terminate the employment of Raintree Manor employees who had filed workers' compensation claims. Plaintiff reported this unlawful conduct on the part of Mr. Prins to the corporate department of human resources. She was thereafter terminated for no legitimate cause, but rather because she refused to participate in and reported the unlawful employment practices by Mr. Prins. These actions violated Plaintiffs rights pursuant to 42 USC §2000-e3.

## PENDANT STATE CLAIMS

### Tenn. Code Ann. §4-21-301

14. Plaintiff was terminated for opposing the unlawful and discriminatory actions of the Administrator of Raintree Manor, Pete Prins, in violation of the Tennessee Human

4

Rights Act, Tenn. Code Ann. §4-21-301. Mr. Prins sought to terminate long term employees of the Raintree Manor staff solely because of their age in violation of Tenn. Code Ann. §4-21-101 et seq. This constitutes a violation of the Tennessee Human Rights Act, codified at Tenn. Code Ann. §4-21-301.

### Tenn. Code Ann. §50-1-304

15. Plaintiff was terminated solely for refusing to participate and refusing to remain silent about the activities by Pete Prins, the Administrator at Raintree Manor who was attempting to willfully violate employee rights in violation of the Tennessee Human Rights Act making it a violation of the law of Tennessee to discriminate on the basis of age. This constitutes a violation of the Tennessee Public Protection Act codified at Tenn. Code Ann. §50-1-304.

### Common Law Whistleblower

16. Plaintiff was terminated for refusing to participate or remain silent about the activities of Pete Prins, the Administrator at Raintree Manor, in seeking to terminate employees who had filed workers' compensation claims in violation of the public policy of the state of Tennessee. This amounts to a retaliatory discharge in violation of the common law of Tennessee.

### DAMAGES

17. As a direct and proximate result of the unlawful actions of Defendant, Plaintiff has suffered and continues to suffer economic losses, embarrassment, humiliation, anxiety and other non-pecuniary losses.

5

WHEREFORE Plaintiff prays:

A. For all monetary damages to which she is entitled including compensatory and punitive damages;

B. For a reasonable attorney's fee and the costs of this action to be taxed against Defendant.

C. For a jury of twelve (12) to try this case.

D. For such other, further and general relief to which Plaintiff may be entitled.

Respectfully submitted,

By: _____
Michael D. Galligan #3181
Susan N. Marttala #12196
John P. Partin #20921
Michael T. Galligan #27243

We are sureties for all costs of this cause
awarded against the principal.

_____
Michael D. Galligan

6